E-FILED
Friday, 09 November, 2012  02:16:33 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERMAINE CARPENTER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 12-CV-3227 |
| | ) | |
| SADDLER, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis on various claims challenging the conditions at the facility.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court

must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), *citing* <u>Bell Atlantic</u>, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

In general, Plaintiff's allegations are too conclusory and vague to discern any plausible federal claims.  Plaintiffs allege that the environment at the Rushville Treatment and Detention Center is not "adequate, meaningful, and therapeutic."  They challenge the "prison-like" conditions of the facility such as barbed wire fences, gun towers, the hiring of former prison guards, and the use of the "black box" restraint during transport.  Plaintiffs contend that they are entitled to the "least restrictive" and "non-punitive" manner of confinement.

725 ILCS 207/40(b)(2) of the Illinois Sexually Violent Persons Act

states that "[t]he Department [of Human Services] shall arrange for control, care and treatment of the person in the least restrictive manner consistent with the requirements of the person and in accordance with the court's commitment order."  However, even assuming arguendo that this section creates a right enforceable in state court to the vaguely defined "least restrictive manner" of confinement, that right would not be enforceable in federal court.  Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)(The federal constitution does not "permit a federal court to enforce state laws directly.").  Nor does this statute create a constitutionally protected liberty interest in the "least restrictive manner" of confinement.  *See* Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir. 2011)(detainee under sexually violent persons act had no constitutionally protected liberty interest in avoiding the "black box" restraints); Thielman v. Leean, 282 F.3d 478, 483-84 (7th Cir. 2002)(addition of waist belt and leg chains to handcuffs during transport of sexually violent detained

person did not implicate Constitution); <u>Allison v. Snyder</u>, 332 F.3d 1076, 1079 (7th Cir. 2003)(persons committed under the Illinois Sexually Dangerous Persons Act may be kept in prisons, subject to the prison's usual rules and conditions).    Plaintiffs are entitled under the Constitution to be treated humanely—they are not entitled to the "least restrictive" environment.  *See* <u>Sain v. Wood</u>, 512 F.3d 886 (7th Cir. 2008)(committed person entitled to "humane conditions" and the provision of "adequate food, clothing, shelter, and medical care").  Conditions of the facility are not "punitive" if those conditions advance legitimate goals such as security, safety, and rehabilitation.  <u>Allison</u>, 332 F.3d at 1079.  Accordingly, the "prison-like" security measures at the facility are constitutional. *See* <u>Thielman v. Leean</u>, 282 F.3d 478, 483 (7th Cir. 2002)("facilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high."); *see also* <u>Hargett v. Adams</u>, 2005 WL 399300 *2 (N.D. Ill. 2005, Judge Leinenweber)(conditions in Joliet Treatment and Detention Center were

constitutional even though "more akin to a high-security, prison-like facility rather than a low-security facility or traditional mental health treatment facility.")

Plaintiffs also allege a lack of meaningful mental health treatment designed to help them secure release.  However, Plaintiffs do not state that they have requested and consented to participate in the treatment that is being offered.  Plaintiffs are not constitutionally entitled to the rehabilitative treatment of their choice.  They are entitled only to the exercise of professional judgment by their mental health professionals, and the Court must defer to that exercise of professional judgment. Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals about mental health facility's operations afforded deference and violate the Constitution only if professional judgment not exercised); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)("Illinois has concluded that the best treatment for sex offenders is group therapy in which people admit their crimes (to others as well as to themselves), own up to and confront the urges that drive them to perpetrate heinous acts,

and then assist each other in overcoming those urges.").

Plaintiffs also allege a failure to train staff, lack of exercise for segregation inmates, and a "kangaroo court" which metes out discipline for nonexistent rules in procedurally deficient hearings.  These allegations are too conclusory to suggest any systemic unconstitutional conditions. For example, procedural due process protections are not constitutionally required before discipline is imposed, unless that discipline is significant under constitutional standards.  Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002)(in order for detainee under Wisconsin's sexually violent detention act to state a procedural due process claim, detainee "must identify a right to be free from restraint that imposes atypical and significant hardship in relation to the ordinary incidents of his confinement.").  The Seventh Circuit has held that the imposition of "close" status on a resident at Rushville does not trigger procedural due process protections.  Miller v. Dobier, 634 F.3d 412 (7th Cir. 2011).  No factual allegations plausibly suggest the systemic imposition of serious deprivations without due process.

7

Plaintiffs also challenge the lack of educational and vocational programs, but the Constitution does not mandate that Plaintiffs be provided those opportunities.  *See* Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities); Elliott v. Baker, 2008 WL 4876871 *2 (N.D. Ill. 2008)(not published in F.Supp.2d)("The federal Constitution does not require state authorities to provide convicted prisoners educational, rehabilitative, or vocational opportunities . . . . The Court is unaware of any authority, nor does Elliott cite any, suggesting that the rules are different for civilly committed persons.").  Similarly, Plaintiffs are not constitutionally entitled to be paid in cash for the jobs they perform at the facility or to "state loan programs" like those allegedly offered in prison.

Plaintiffs also allege that the law library is inadequate, but inadequate legal resources do not alone violate the Constitution.  Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented

from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves.).  No plausible inference arises that the lack of legal resources at the facility has caused Plaintiffs any actual legal prejudice.

Next, Plaintiffs challenge the placement of a stamp on outgoing mail which includes the term "sexually violent person."  This states no constitutional claim.  Carpenter v. Phillips, 429 Fed.Appx. 658 (7th Cir. 2011)(unpublished)(affirming dismissal of this same claim by Plaintiff Carpenter).

Plaintiffs also challenge their placement in cells with known sex offenders, though they are also known sex offenders as well.  If Plaintiffs are advancing that all residents should have single-person cells, the Constitution does not mandate such.  Allison, 332 F.3d at 1079.  If Plaintiffs are alleging a systemic failure to protect them from a substantial risk of serious harm, their allegations are too conclusory to infer a plausible claim.  *See* Brown v. Budz, 398 F.3d 904 (7th Cir.

2005)(generalized risk insufficient to state claim).

The only potential federal claim the Court can discern regards Plaintiffs' allegations that the food is inedible, served on dirty trays and in portions too small to sustain adequate health.  Plaintiffs also challenge the serving of "mechanically separated chicken," which they contend is not fit for human consumption.  These claims are already proceeding in another case in which the Court has appointed counsel.  <u>Smego v. Aramark</u>, 10-CV-3334 (C.D. Ill.).  Accordingly, Plaintiff's claims about the food will be stayed until the resolution of the <u>Smego</u> case, since the resolution of the <u>Smego</u> case might moot or modify the claim in this case.

IT IS THEREFORE ORDERED:

1.      Plaintiff Carpenter's petition to proceed in forma pauperis (d/e 2) is granted only as to his claims alleging that the food provided by Rushville Treatment and Detention Center violates constitutional standards.  All other claims in the Complaint are dismissed for failure to state a federal claim.

10

2.  This case is stayed, pending the resolution of <u>Smego v. Aramark</u>, 10-CV-3334 (C.D. Ill., Judge Myerscough).  After the resolution of the <u>Smego</u> case, the stay in this case will be lifted.

3.  Plaintiff's motion for reconsideration of the appointment of counsel is denied as moot (d/e 11).

4.  The conference scheduled for November 19, 2012 is cancelled.

ENTERED:   November 9, 2012

FOR THE COURT:

<u>      s/Sue E. Myerscough      </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

11